In the Matter of the Application of 444 EAST 57TH STREET CORPORATION, Appellant, against WILLIAM F. DEEGAN, as Tenement House Commissioner of the City of New York, and Another, Respondents.

First Department, May 24, 1929.

*Clarence J. Shearn* of counsel [*Abberley, Bryde & Appleton,* attorneys], for the appellant.

*Willard S. Allen* of counsel [*Francis E. V. Dunn* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent William F. Deegan, as Tenement House Commissioner of the City of New York.

*Walter K. Earle* of counsel [*Shearman & Sterling,* attorneys], for the respondent Robert Walton Goelet.

MARTIN, J.   The petitioner, appellant, is the owner of premises situated on the south side of East Fifty-seventh street 106 feet five and one-half inches west of Sutton Place South, with a frontage on East Fifty-seventh street of 72 feet and an approximate depth of 123 feet, on which property the appellant has erected a fifteen-story co-operative apartment house known as No. 444 East Fifty-seventh street.

The respondent Goelet is the owner in fee of the real property situated on the northwest corner of Sutton Place South and East Fifty-sixth street, with a frontage on the westerly side of Sutton Place South of 68 feet two and one-quarter inches, and a frontage on the northerly side of East Fifty-sixth street of 180 feet.

On December 11, 1928, the respondent Goelet filed with the respondent tenement house commissioner of the city of New York, specifications and plans for the erection of an apartment building or tenement house on his plot of land to a height approximately of

150 feet with a frontage of 68 feet two and one-quarter inches on Sutton Place South, and a depth of 170 feet along East Fifty-sixth street.

An examination of the specifications and plans by the tenement house department resulted in the following objection to the approval thereof: " Portion of building extending along East 56th Street more than 150 feet from building line on Sutton Place South cannot exceed 120 feet in height at building line and proper dormers and set backs must be provided for portion of building in excess of 120 feet in height. Plans, sections and elevations corrected accordingly. Sections 8 and 9 Building Zone Resolution."

Sutton Place South is 100 feet wide and East Fifty-sixth street is 60 feet wide and located in a " two-times " district as shown on the height district map accompanying the amended Building Zone Resolution adopted September 29, 1927.

The facts not being disputed we have presented for decision a question of law only. We are called upon to decide what restrictions are to govern the height of that portion of a tenement house erected in a " two-times " district on a corner plot, and extending over 150 feet from the building line of the wider street upon which it fronts.

Section 51 of the Tenement House Law (as amd. by Laws of 1926, chap. 176) provides, in part, as follows: " The height of no tenement houses hereafter erected shall by more than one-half exceed the width of the widest street upon which it stands."

If this section were the sole provision to be considered the tenement house could be built 150 feet in height covering the entire plot. It is, however, limited by section 171 (as amd. by Laws of 1916, chap. 319), which provides as follows: " Wherever the provisions of any local ordinance or regulation impose requirements for lower height of building or a less percentage of lot that may be occupied or require wider or larger courts or deeper yards, the provisions of such local ordinance or regulation shall govern. Where, however, the provisions of this chapter impose requirements for lower height of building or a less percentage of lot that may be occupied or require wider or larger courts or deeper yards, than are required by such local ordinance or regulation, the provisions of this chapter shall govern."

By the terms of a local ordinance there is a further limitation. The construction of this building is governed not only by the limitations contained in the Tenement House Law, but also by the limitation found in the local ordinance or Building Zone Resolution which is applicable to this section of the city.

No greater rights may be obtained by the Building Zone

Resolution than given by the Tenement House Law. The rights conferred on a property owner by the Tenement House Law may, however, be limited by the Building Zone Resolution.

We find that under the Tenement House Law the 20 feet in question may be built upon to a height of 150 feet in precisely the same manner as any other part of the plot, but the Building Zone Resolution must also be taken into consideration.

Section 8, subdivision (g), provides as follows: " In a two-times district no building shall be erected to a height in excess of twice the width of the street, but for each one foot that the building or a portion of it sets back from the street line four feet shall be added to the height limit of such building or such portion thereof."

This latter section would permit the whole building to be erected 150 feet in height if it were not for another section which limits the height on the street front, but this section also provides for what is known as a set back.

Section 9, " Height District Exceptions," subdivision (b) thereof, provides as follows: " * * * A corner building on such intersecting streets shall be governed by the height regulations provided for the *wider street for 150 feet from the side of such wider street*, measured along such narrower street."

It is clear, therefore, that a corner building for 150 feet only is governed by the height regulations provided for the wider street. Beyond 150 feet it is governed by the height regulations for the narrower street, which in this case being a " two-times " district, would be 120 feet on the street front. The only limitation thereon is found in the Building Zone Resolution, subdivision 9 thereof, which subdivision is clearly intended to be an exception to section 8, subdivision (g), which permits such a building to be constructed to a height of twice the width of the street, plus a set back as therein described.

Twice the width of the wider street would be 200 feet, but here the Tenement House Law applies and limits the height to 150 feet and section 9, subdivision (b) again limits it beyond the 150-foot point to twice the width of the narrower street, or 120 feet, which with proper set backs permits the building to be constructed to the 150 feet allowed by the Tenement House Law.

Applying the Tenement House Law and the Building Zone Resolution to the condition here presented, we are of the opinion that the construction given by the tenement house department clearly defines the rights of the parties. The tenement house commissioner properly refused to apply the Tenement House Law without applying the Building Zone Resolution which limits the rights granted by the Tenement House Law. He also very properly

refused to apply the Building Zone Resolution without granting the privileges given by the Tenement House Law. Reading both together, as intended by the legislative bodies responsible for their enactment, a condition is produced which results in the objects sought to be obtained by such legislation.

We are, therefore, of the opinion that the contention of the appellant is not sustained by the statutes and that the property owner should be allowed to use the property as contended by the respondent Goelet.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.